## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRADLEY B. BAUMANN,** individually, co-special administrators of these Estates, **NANCY R. BAUMANN,** individually, co-special administrators of these Estates, and **DONNA J. COSTLEY,** individually, co-special administrators of these Estates, <br><br>    **Plaintiffs,** <br><br>  V. <br><br>**JOSEF SLEZAK, VLADIMIR ZHUKOV, SWIFT-TRUCK LINES, LTD., NORTH METRO TRUCK LEASING, LLC, LONG HAUL TRUCKING, INC., JOHN DOES 1 - 10, AKI TRUCKING, INC., and MTR EXPRESS, INC.,** <br><br>    **Defendants.** | Case No. 8:12CV383 <br><br> ORDER |

  This matter is before the Court on Plaintiffs' Motion to Compel Rule 26(a) Disclosures (filing 47). For the reasons set forth below, as well as the reasons expressed during the Planning Conference held on March 25, 2013, Plaintiffs' motion will be denied.

### BACKGROUND

  This case arises out of a motor vehicle accident which resulted in the deaths of Christopher and Diana Schmidt, their sons, Samuel and Connor, and Diana Schmidt's loss of pregnancy. The Complaint alleges negligence *per se* and vicarious liability against Defendants Josef Slezak and AKI Trucking, Inc. (collectively "Defendants") for violations of the Federal Motor Carrier Safety Administration Regulations, 49 C.R.F. § 392.2. (Filing 1.)

## ANALYSIS

Plaintiffs argue that Defendants' Fed. R. Civ. P. 26 disclosures are deficient because they only list three witnesses and, other than an insurance policy issued by American Southern Insurance Company, identify no documents. Based on their disclosures, it appears that Defendants do not intend to use any other documents, data compilations or tangible things that are now in their custody or control to support their claims or defenses - unless solely for impeachment. If this is the case, Defendants do not have an obligation to identify further documents or individuals at this time. Therefore, Plaintiffs Motion to Compel (filing 47) will be denied. Defendants are reminded, however, that pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. "This provision has been characterized as an 'automatic' sanction, to be applied unless the offending party's failure to disclose was 'substantially justified' or if the failure was 'harmless.'" *Credit Suisse Securities (USA) LLC v. Hilliard*, No. 8:07CV17, 2007 WL 1362455, *4 (D. Neb. Apr. 25, 2007) (citation omitted).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (filing 47) is denied.

**DATED March 26, 2013.**

            **BY THE COURT:**

            **S/ F.A. Gossett**
            **United States Magistrate Judge**